DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Fulton County Court, Eastern District, finding that appellant, Mary Barker, violated a condition of her probation and ordering appellant to serve thirty days in jail. Appellant asks this court to consider the following assignments of error:
 "I. TRIAL COURT ABUSED ITS DISCRETION BY FINDING DEFENDANT VIOLATED PROBATION WHERE NO BASIS FOR SUCH FINDING EXISTED."
 "II. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS TRIAL COUNSEL FAILED TO PRESERVE ANY OF THESE ISSUES FOR APPEAL."
 "III. TRIAL COURT ERRED [sic] ORDERING MAXIMUM FINES IN THE AGGREGATE WHEN PLAINTIFF WAS INDIGENT."
This is the second time that this case is before the court on appeal. See State v. Barker (1998), 128 Ohio App.3d 233 . In the prior appeal, this court noted that appellant was found guilty by a jury on one count of resisting a lawful arrest, six counts of cruelty to animals, one count of failing to file an income tax return with the village of Swanton, and two counts of petty theft. See State v. Barker, 128 Ohio App.3d at 237. Appellant was sentenced to thirty days each in jail on six of those counts. This court determined that those sentences were to be served concurrently. Id. at 249-250. The thirty day sentence was suspended and appellant placed on a three year probation. One of the express conditions of that probation was the payment of fines and costs. There is nothing in the record of the case before this court establishing that the ordered fines and costs were restitution to the Fulton County Humane Society for the care and maintenance of animals confiscated from appellant. Furthermore, appellant never raised any error as to the imposition of the fines and costs in her prior appeal. Appellant's sentence was stayed during the course of her appeal to this court.
In January 1999, appellant met with her probation officer and agreed to pay $25 per month on the imposed fines and costs. In May 1999, appellant asked for a reduction in the amount of the payment to $15 due to financial problems; she paid that amount in May and June 1999. According to appellant's probation officer, appellant informed her in July 1999 that she refused to make any further payments on the fines and costs. A document listing the conditions of appellant's probation and acknowledged by appellant is included in the record of this case. The document states that the amount of the fines and costs is $2,352.60.
In September 1999, appellee filed a motion to terminate appellant's probation and impose her original sentence of thirty days in jail. The bases of the motion, as stated by appellant's probation officer, were appellant's violation of the condition of probation requiring her to pay fines and court costs and the manner in which appellant "disrupts [the] work environment at the court" by shouting at the probation officer.
At the probation revocation hearing, appellant testified that she receives social security income in the amount of $500 per month for "muscle disease" and that she was receiving that same amount at the time she agreed to make the $25 monthly payments. Appellant claimed, however, that between January 1999 and July 1999, she realized that she could not afford to make these payments. Appellant worked for a short time in 1998 in order to earn money to pay her property taxes, but admitted that she quit that job because earning money reduced the amount of social security income to $450. Appellant also worked as a home health care provider for one individual for a very short period in 1999. According to appellant, she left that job because the individual's daughter began caring for her mother. Appellant's boyfriend, Jose Vasquez, stated that he has lived with appellant for "fifteen years, sixteen years." Vasquez has a monthly income of $900, some of which he uses to pay the household expenses.
Appellant's probation officer also testified that appellant was argumentative and disrespectful throughout the period she was on probation. On cross-examination, the probation officer conceded that the trial court never imposed any requirement that appellant behave in a certain way toward the probation officer as a condition of appellant's probation. The prosecution also acknowledged that this aspect of appellant's conduct was not made subject to a condition of probation. However, the prosecution argued appellant did violate that condition of her probation regarding the payment of fines and costs and that, based on this violation, her probation should be revoked.
In its judgment entry, the lower court found that appellant violated the terms of her probation and, therefore, imposed the suspended thirty day jail sentence. The court did not state the basis for its determination in its decision. Nonetheless, the trial judge, in his oral ruling from the bench, indicated that the main reason for the revocation of appellant's probation was her attitude and her conduct toward the probation officer and the court.
We note at the outset that probation revocation is proper when the state presents evidence of a "substantial nature" to warrant revocation.State v. Bleasdale (1990), 69 Ohio App.3d 68, 72; State v. Austin (May 12, 2000), Greene App. No. 99-CA-107, unreported. Further, this court cannot reverse a trial court's decision to revoke probation absent an abuse of discretion. _State v. Theisin (1957), 167 Ohio St. 119,124-125; State v. Jacobs (June 29, 2000), Marion App. No. 9-2000-15, unreported (and the cases cited therein). An abuse of discretion connotes that the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
In her Assignment of Error No. I, appellant contends the trial court abused its discretion by finding that she violated her probation on the basis of her attitude, personality and/or conduct. Appellant concludes that because appellant's relationship with her probation officer and the court was not a term or condition of her probation, the court could not revoke her probation on that ground. We agree with this argument. However, the state asserts that the trial court did not abuse its discretion because another ground, the willful failure to pay the imposed fines and costs, was proven. We disagree.
We shall assume for the purpose of this appeal that the trial court's decision rests, at least in part, on appellant's failure to pay fines and costs imposed as a condition of her probation. Even in making this assumption, we must conclude that the trial court abused its discretion because it failed to make an adequate inquiry into the reasons for appellant's failure to pay. In Bearden v. Georgia (1983), 461 U.S. 660,672-673, the United States Supreme Court held that in revocation proceedings for failure to pay restitution or fines:
 "* * * a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." Followed by _State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001, unreported; State v. Coleman (Feb. 5, 1998), Franklin App. No. 97APA06-832, unreported; State v. Collins (Sept. 30, 1993), Lake App. No. 93-L-032, unreported.
Thus, in a case such as this one, the state must offer evidence of the probationer's ability to pay and there must be evidence that the failure to pay or failure to obtain employment was willful or intentional. Statev. Scott (1982), 6 Ohio App.3d 39; State v. Kaine (Nov. 18, 1999), Cuyahoga App. No. 75159, unreported. We are of the opinion that in order to satisfy this standard, the state must adduce evidence of the specific income of the probationer, her other assets, her debts, and her household and other living expenses as well as what efforts were made to obtain funds to pay the fines and costs. See, also, _State v. Scott,6 Ohio App.3d at 41 (pertinent considerations in determining the ability of a probationer to pay include a determination of exactly how much the she has paid and what the source of each payment was, the probationer's employment history during the probationary period, her prospects for future employment, sources of income, cost of supporting the probationer's dependents, and other competing demands on the probationer's income).
Here, the state offered evidence of the fact that appellant receives social security supplemental income in the amount of $500 per month due to a "muscle disease" and that Jose Vasquez contributes, in some manner, toward the payment of household expenses. However, there is no evidence in the record of appellant's household and living expenses, her assets or her debts. Moreover, while the state offered evidence tending to show that appellant intentionally quit her job in 1998, there is no other evidence demonstrating that her failure to obtain a lawful source of funds to pay the fines and costs was willful and intentional. We are compelled to find, therefore, that the evidence produced at the hearing on this matter was not evidence of a substantial nature demonstrating that appellant willfully refused to pay the fines and costs or failed to make a sufficient good faith effort to obtain funds to pay the same. We must therefore find that the trial court's attitude in reaching its judgment was arbitrary, and appellant's Assignment of Error No. I is found well-taken.
While appellant's Assignment of Error No. II asserts that she was denied effective assistance of counsel because her trial attorney failed to preserve "any of these issues for appeal," the assignment fails to identify the alleged issues or cite to those parts of the record where the alleged deficiencies occurred. Therefore, pursuant to App.R. 12(A)(2) and App.R. 16, this court shall disregard appellant's argument, and we find her Assignment of Error No. II not well-taken.
Under Assignment of Error No. III, appellant initially contends that the fines imposed as the result of convictions in four of the misdemeanor cases were an abuse of discretion. Because appellant could have raised this issue, but did not do so, in her previous appeal, we find that this contention is barred by the doctrine of res judicata. State v. Dehler
(1995), 73 Ohio St.3d 307 . See, also, State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus; State v. Jenkins
(1987), 42 Ohio App.3d 97, 99; State v. Ledger (1984), 17 Ohio App.3d 94,96.
During oral argument and in a "NOTICE OF SUPPLEMENTAL APPELLATE AUTHORITY," appellant also maintained, for the first time on appeal, that the fines and costs imposed as a condition of her probation are actually restitution to the Fulton County Humane Society for costs incurred in the removal and care of the animals in her possession. Appellant cites Statev. Bybee (1999), 134 Ohio App.3d 395, for the proposition that a trial court lacks the authority to order restitution to a humane society as a condition of probation[1]. In addition to this argument being barred by the doctrine of res judicata, there is _no evidence in the record of the case before this court that the "fines and costs" imposed as a condition of appellant's probation are restitution. To the contrary, the document signed by appellant listing the terms and conditions of her probation specifically indicates that the over $2,000 ordered paid are "fines and costs." "Restitution" is an entirely separate category in the document and is not marked as a condition of probation. Consequently, and lacking any evidence that the condition imposed was in any way related to restitution, appellant's belated assertion is found to be without merit. Accordingly, and for the foregoing reasons, appellant's Assignment of Error No. III is found not well-taken.
On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair hearing, and the judgment of the Fulton County Court, Eastern District, is reversed. This cause is remanded to that court for further proceedings consistent with the standard set forth under appellant's Assignment of Error No. I. Appellee is ordered to pay the costs of this appeal.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________________ Melvin L. Resnick, J.,
JUDGE
James R. Sherck, J., Mark L. Pietrykowski, J., JUDGE CONCUR.
[1] Generally, after one is convicted of a misdemeanor, a court can condition probation upon the payment of restitution for "property damage" or the value of stolen property. See R.C. 2929.21(E). Bearden v.Georgia, 461 U.S. at 672-674 (Court may revoke probation where "probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire resources to pay" restitution and a fine); _State v. Savoia (1991), 76 Ohio App.3d 201, 206-207 and State v.Walden (1988), 54 Ohio App.3d 160, 163 (Both finding that revocation of probation is proper when the probationer willfully refused to pay or did not make a bona fide effort to obtain funds to pay restitution); andState v. Kaine, supra (affirming revocation of probation for failure to pay restitution in the amount of $45,000). In Bybee, however, the First District Court of Appeals found that restitution to a humane society did not constitute "property damage" within the meaning of the statute. _Id. at 399.