**The STATE of Ohio, Appellee,**

**v.**

**DIAZ, Appellant.**

[Cite as *State v. Diaz* (2001), 145 Ohio App.3d 551.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

Nos. F–00–024 and F–00–023.

Decided Aug. 31, 2001.

*William R. Swigart,* Fulton County Prosecuting Attorney, and *Paul H. Kennedy,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* State Public Defender, and *Charles B. Clovis,* Assistant Public Defender, for appellant.

SHERCK, Judge.

This is an appeal of a criminal sentence issued by the Fulton County Court of Common Pleas. Because we conclude that the trial court improperly ordered restitution and imposed the cost of attorney fees, we reverse that portion of appellant's sentence.

Appellant, Porfirio Diaz, Jr., pled guilty on July 13, 2000, to twelve counts of breaking and entering and one count of motor vehicle theft. The trial court accepted appellant's plea and sentenced him to prison for twelve consecutive eight-month terms and a concurrent one-year term for the auto theft. The sentences were also to be concurrent with others imposed in Wood, Henry, and Lucas Counties.

Although not mentioned at appellant's sentencing hearing, the court's entry ordered appellant to make restitution, pay prosecution costs, and the cost of his court-appointed attorney.

Appellant filed a timely notice of appeal from his conviction and sentence, but this court dismissed the appeal, *sua sponte,* when appellate counsel failed to file assignments of error and a brief. *State v. Diaz* (Dec. 11, 2000), Fulton App. Nos. F–00–024 and F–00–023, unreported. Subsequent to this, appellant timely applied, pursuant to App.R. 26(B), to reopen his direct appeal. We found appellant's application to be well taken and ordered that the appeal be reopened. *State v. Diaz* (Mar. 26, 2001), Fulton App. Nos. F–00–024 and F–00–023, unreported, 2001 WL 305490.

On reopening, appellant sets forth the following four assignments of error:

"I. The trial court erred in ordering Mr. Diaz to pay restitution for nonviolent theft and theft-related crimes.

"II. The trial court erred in ordering Mr. Diaz to pay attorney fees and an indeterminate amount of restitution in its sentencing entry when no attorney fees or restitution were ordered paid at the time of sentencing.

"III. The trial court erred in ordering Mr. Diaz to pay attorney fees without making a finding that Mr. Diaz was, or would be, able to pay such fees.

"IV. Mr. Diaz was denied the effective assistance of counsel on his previous appeal."

I

■ In his first assignment of error, appellant complains that the trial court erred in ordering him to pay restitution for nonviolent offenses.

R.C. 2929.18(A)(1) permits a trial court to order restitution for "economic loss." Prior to March 2000, R.C. 2929.01(N)[1] defined "economic loss" as "criminally injurious conduct," which was itself defined in former R.C. 2743.51 as "conduct that * * * imposes a substantial threat of personal injury or death * * *." Read *in pari materia,* these former statutes limited the imposition of a restitution order to crimes involving violence or the threat of violence. *State v. Ward* (1999), 135 Ohio App.3d 76, 80–81, 732 N.E.2d 1055.

Although the 2000 amendment to R.C. 2929.01 modified the definition of "economic loss" to include economic detriment suffered as a result of any felony, appellant insists that the crimes to which he pled guilty were committed prior to the year 2000 and he should not be retroactively held liable for the new standard.

---

1. Now R.C. 2929.01(M).

The state essentially concedes these points and observes that R.C. 1.48 and R.C. 1.58(A)(3) would prohibit the retroactive application of the statute. We would also note that such retroactive application would run afoul of Section 10, Article I of the United States Constitution and Section 28, Article II of the Ohio Constitution. Accordingly, appellant's first assignment of error is found well taken.

## II

In his second and third assignments of error, appellant maintains that the court's order that he pay attorney fees and an undetermined amount of restitution be vacated because (1) these orders were not orally conveyed at the sentencing hearing, and (2) the court made no finding as to appellant's ability to pay such fines.

We have disposed of the issue of restitution in the first assignment of error. With respect to the attorney fees issue, we conclude that the imposition of the attorney-fee reimbursement order as part of appellant's sentence is erroneous. This is so because the court failed to consider or make a specific finding about appellant's ability to pay the fees. *State v. Watkins* (1994), 96 Ohio App.3d 195, 198, 644 N.E.2d 1049. Accordingly, appellant's third assignment of error is well taken. His second assignment of error is moot.

## III

Appellant, in his final assignment of error, addresses the issue of ineffective assistance of counsel. In order to demonstrate that an appellant was denied his right of effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, he must prove that counsel's performance was deficient and that he was thereby prejudiced. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.

An appellate counsel's failure to file an appellate brief is performance below an objective standard of reasonableness and, given our determination of appellant's first and third assignments of error, was prejudicial to him. However, our decision to reopen appellant's direct appeal, appoint new counsel, and remedy the erroneous orders, cured any prejudice in this case. Accordingly, appellant's fourth assignment of error is moot.

Upon consideration whereof, the sentencing judgment of the Fulton County Court of Common Pleas is reversed in part. This matter is remanded to said court for further consideration consistent with this decision. Costs to appellee.

*Judgment affirmed in part,*
*reversed in part.*
*and cause remanded.*

MARK L. PIETRYKOWSKI, P.J., and RICHARD W. KNEPPER, J., concur.