[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The trial court had placed defendant-appellant, Bernice Hartley, on three years' community control for her theft and forgery convictions in cases numbered B-9904595 and B-9908920. As a condition of community control, Hartley was ordered to pay restitution, fines and court costs. In September, 2001, the probation department filed a community control violation, based upon Hartley's failure to make payments toward her court-imposed financial obligations. Following a hearing on the alleged violation, the trial court terminated Hartley's community control and sentenced her to one year in prison.[1] In a single assignment of error, Hartley argues that the trial court erred by terminating her community control based upon her failure to pay restitution, fines and court costs because she was indigent.
Initially, we note that a trial court may order restitution for "economic loss."[2] Although the issue has not been raised, it would appear that imposition of restitution in this case may well have been inappropriate in the first instance because the law in effect at the time of Hartley's offenses defined "economic loss" as "criminally injurious conduct," which was defined as "conduct that imposes a substantial threat of personal injury or death."[3] As of March 23, 2000, the definition of economic loss was changed to include any economic detriment suffered by a victim as a result of a felony.[4]
This court has held that in order to revoke community control for nonpayment of court costs and fees, the defendant's failure must have been willful and not the result of indigence.[5] In this case, the trial court found Hartley to be indigent on several occasions for purposes of appointing defense counsel.[6] On October 19, 2001, the trial court found Hartley to be indigent in entries ordering that the transcripts for appeal be produced at state's expense. The evidence adduced at the revocation hearing suggested that Hartley's failure to be employed was due to mental illness for which she received treatment.
Because there was no evidence that Hartley's failure to pay the financial sanctions was willful or intentional, we hold that the trial court erred in revoking her community control. We sustain the assignment of error. Therefore, the judgments of the trial court are reversed, and Hartley is hereby discharged from further prosecution in these cases.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Winkler, JJ.
[1] The record demonstrates that, after calculation of credit for time served, Hartley was scheduled to be released from prison on March 22, 2002.
[2] R.C. 2929.18(A)(1).
[3] See former R.C. 2929.01(N); State v. Ward (1999), 135 Ohio App.3d 76,732 N.E.2d 1055; State v. Hooks (2000), 135 Ohio App.3d 746,735 N.E.2d 523; State v. Gears (1999), 135 Ohio App.3d 297; 733 N.E.2d 683;State v. Diaz (2001), 145 Ohio App.3d 551, ___ N.E.2d ___.
[4] See R.C. 2929.01(M).
[5] State v. Douthard (June 29, 2001), Hamilton App. Nos. C-000354 and C-0003555, unreported, discretionary appeal not allowed (2001),93 Ohio St.3d 1459, 756 N.E.2d 1235, citing Bearden v. Georgia (1983),461 U.S. 660, 103 S.Ct. 2064; State v. Savoia (1991), 76 Ohio App.3d 201,601 N.E.2d 193; State v. Walden (1988), 54 Ohio App.3d 160, 561 N.E.2d 995;State v. Crawford (1977), 54 Ohio App.2d 86, 375 N.E.2d 69; State v.Hudson (Nov. 14, 2000), Franklin App. No. 00AP-236, unreported.
[6] This court found Hartley indigent for purposes of appointing appellate counsel for this appeal.