The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward* (1999), 135 Ohio App.3d 76.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA98–12–039.

Decided Oct. 11, 1999.

*Stephen J. Pronai,* Madison County Prosecuting Attorney, and *Daniel H. Huston,* Assistant Prosecuting Attorney, for appellee.

*Tanner, Mathewson & Hangsen* and *Michael L. Schwarzell,* for appellant.

VALEN, Judge.

Defendant-appellant, Georgette Ward, appeals the sentence imposed upon her by the Madison County Court of Common Pleas for theft in violation of R.C. 2913.02.

The events leading up to this appeal commenced on April 5, 1992 when appellant was involved in an automobile accident. Attorney Ron Plymale represented appellant in a civil action for personal injuries received in the accident. On July 25, 1995, appellant settled the case for $77,500. After attorney fees and litigation expenses, appellant received settlement proceeds in the amount of $32,625.

Appellant failed to disclose her receipt of the settlement to the Madison County Department of Human Services ("MCDHS") from whom she was receiving public assistance. Appellant claims that Plymale advised her that she need not disclose the settlement to MCDHS. Appellant continued to receive public assistance until February 1997. On January 15, 1998, appellant was indicted for theft of $32,131, a fourth degree felony under R.C. 2913.02(B). On October 5, 1998, appellant pled no contest and the court found her guilty. On November 12, 1998, appellant was sentenced to nine months in prison and ordered to pay restitution in the amount of $32,131.

Appellant's appeal is authorized under R.C. 2953.08(A)(2), which provides a right to appeal a sentence for a fourth degree felony where the trial court imposes a term of imprisonment without specifically finding any of the factors listed in R.C. 2929.13(B)(1). Appellant raises two assignments of error for our review.

Assignment of Error No. 1:

"The trial court erred by sentencing appellant to nine months in prison."

Our review of appellant's sentence is guided by R.C. 2953.08(G)(1), which authorizes an appellate court to increase, reduce, or otherwise modify a sentence, or to vacate a sentence and remand the matter. Under R.C. 2953.08(G)(1)(b), the appellate court may take any of these actions if it clearly and convincingly finds that the sentence involves a prison term for a fourth degree felony where the trial court did not find any of the factors listed in R.C. 2929.13(B)(1).

With respect to her first assignment of error, appellant has presented two separate issues for our review. First, appellant argues that the court erred by sentencing her to a prison term in lieu of imposing community control sanctions.

In this case, the decision whether to impose community control sanctions or a prison term must be guided by R.C. 2929.13(B)(2)(b) since the sentencing court did not find any of the R.C. 2929.13(B)(1) factors. Under R.C. 2929.13(B)(2)(b), the sentencing court is required to impose community control sanctions for a fourth degree felony if the court concludes that community control sanctions are consistent with the overriding purposes of R.C. 2929.11.[1] To make this determination, the court must consider the factors listed in R.C. 2929.12 regarding seriousness and recidivism. *State v. Garcia* (1998), 126 Ohio App.3d 485, 486, 710 N.E.2d 783, 784.

---

1. R.C. 2929.11 states that the purposes of felony sentencing are to protect the public from crime and to punish the offender.

Our review of the factors listed in R.C. 2929.12(B) and (C) indicates that appellant's offense was less serious rather than more serious. There are no findings on the record to support any of the factors in subsection (B) (indicating that the offender's conduct is "more serious"), whereas several of the factors in subsection (C) (indicating that the offender's conduct is "less serious") are present. Specifically, appellant did not cause physical harm to any person or property, and it appears that appellant's actions were based in part upon the advice of her attorney, Plymale. If this is true, the seriousness of her actions is somewhat mitigated.

Regarding the recidivism factors, our review of R.C. 2929.12(D) and (E) indicates that appellant is less likely rather than more likely to commit future theft. Our review of the record shows only one factor under R.C. 2929.12(D) in support of a finding that appellant may be likely to commit future offenses, namely, appellant lacked genuine remorse for her actions. Her lack of remorse was demonstrated by the fact that, on several occasions, appellant purposely understated the amount of the settlement proceeds. Weighing against this one factor, four factors appear to be present under R.C. 2929.12(E) indicating that appellant is less likely to commit future offenses. Specifically, appellant was never adjudicated a delinquent child, appellant had no prior criminal record of note, appellant had led a law-abiding life for a significant number of years, and the offense was committed under circumstances not likely to recur.

The trial court failed to demonstrate on the record its consideration of the seriousness and recidivism factors listed in R.C. 2929.12. Therefore, the trial court failed to fulfill its obligation under R.C. 2929.13(B)(2)(b) to consider whether community control sanctions would have been consistent with the purposes and principles of R.C. 2929.11. If a sentencing court imposes a prison term for a fourth or fifth degree felony, it must "make a finding that gives its reasons" for selecting the sentence. R.C. 2929.19(B)(2)(a). The trial court failed to state its reasons for imposing the prison term. Therefore, we find that appellant's first issue for review is meritorious.

■ Under her second issue for review, appellant argues that the court erred by imposing a nine-month prison term rather than the six-month statutory minimum. After making the appropriate findings, if the sentencing court determines that a prison sentence is warranted, the court must select a term from the range presented in R.C. 2929.14(A)(1) through (5). For a fourth degree felony, the sentencing range is six to eighteen months. R.C. 2929.14(A)(4).

R.C. 2929.14(B) states that if the offender has not previously served a prison term, which appellant has not, the court must impose the shortest possible sentence unless one of two exceptions applies. The statute reads as follows: "[T]he court shall impose the shortest prison term authorized for the offense

\* \* \* *unless the court finds on the record* that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public." (Emphasis added.) R.C. 2929.14(B).

During the sentencing hearing, the court stated that appellant's offense was a serious offense in light of the excessive dollar amount. However, at no point did the court make a finding on the record that the seriousness of appellant's offense would be demeaned by imposing the shortest prison term or that the public would not be adequately protected if the shortest term were imposed.

■ Although the trial court is not required to use the "magic words" of the statute, substantial compliance is required. *State v. Estrada* (Sept. 18, 1998), Sandusky App. No. S–98–006, unreported, 1998 WL 636770. Substantial compliance will be found where the trial court has provided sufficient findings on the record to indicate the requirements of R.C. 2929.14(B). See *State v. Brooks* (Aug. 18, 1998), Franklin App. No. 97APA11–1543, unreported, 1998 WL 514111. Based upon the record before us, the trial court failed to provide sufficient findings to support its decision to impose a sentence in excess of the six-month statutory minimum. We find that appellant's second issue for review is meritorious.

Based upon the foregoing, appellant's first assignment of error is sustained, and this matter is remanded for resentencing. On remand, the trial court is instructed to address the following on the record: First, pursuant to R.C. 2929.13(B)(2)(b), the court must determine whether community control sanctions are in keeping with the purposes and principles in R.C. 2929.11. If the court finds that community control sanctions are not appropriate, it may impose a prison term. Second, if the court does impose a prison term, the court must consider R.C. 2929.14(B). If a sentence in excess of the statutory minimum is imposed, the court must state, on the record, its reasons for imposing the sentence. R.C. 2929.19(B)(2)(a).

Assignment of Error No. 2:

"The trial court erred by ordering appellant to pay restitution in the amount of $32,131."

■ A sentencing court's authority to order restitution is governed by R.C. 2929.18 which states: "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount *based on the victim's economic loss.*" (Emphasis added.) R.C. 2929.18(A)(1). The Ohio Revised Code defines "economic loss" as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes \* \* \* any property loss, medical cost, or funeral expense *incurred as a*

*result of the criminally injurious conduct.*" (Emphasis added.) R.C. 2929.01(N). We must then turn to R.C. 2929.01(G) which provides as follows: " 'Criminally injurious conduct' means any conduct of the type that is described in division (C)(1) or (2) of section 2743.51 [2] of the Revised Code and that occurs on or after July 1, 1996 * * *." Finally, R.C. 2743.51 defines "criminally injurious conduct" as "any conduct that * * * *poses a substantial threat of personal injury or death* * * *." (Emphasis added.) R.C. 2743.51(C)(1).

■ When read together, these statutes provide that restitution is a valid sanction only to compensate for crimes that pose the threat of personal injury or death.[3] Appellant's theft of benefits from MCDHS posed no threat of personal injury or death. Therefore, the restitution order imposed by the sentencing court was not authorized under existing law.

■ The state invites us to construe R.C. 2929.18 broadly, arguing that financial sanctions "include, but are not limited to" restitution. However, the state fails to recognize that we are obliged to construe all criminal statutes strictly against the state and liberally in favor of the accused. R.C. 2901.04(A); *State v. Morgan* (1994), 71 Ohio St.3d 178, 179, 642 N.E.2d 1090, 1091. Accordingly, appellant's second assignment of error is sustained.

Appellant's sentence is hereby vacated and this matter is remanded for sentencing consistent with this decision.

*Judgment accordingly.*

WALSH, J., concurs.

POWELL, P.J., concurs separately.

POWELL, Presiding Judge, concurring separately.

I agree with the analysis and conclusion of the majority. Concerning the second assignment of error, I write separately to note that "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11. In order to achieve these objectives, "a sentencing court shall consider the need * * * " of requiring a defendant to pay restitution to a victim of crime. *Id.* Due to the current drafting of R.C. 2929.18 and other applicable statutory definitions, the

---

2. R.C. 2743.51 governs reparation awards to victims of crime.

3. We note that Senate Bill 107, as proposed, would correct this inadvertent limitation on the trial court's authority to impose restitution. The proposed bill would allow restitution for crimes not necessarily involving bodily injury.

victim in this case cannot receive restitution. The unfortunate message sent is "crime does pay."