JOURNAL ENTRY AND OPINION
Defendant Randy Wedell appeals from his conviction for theft. For the reasons set forth below, we affirm defendant's conviction but vacate the order of restitution entered in connection with defendant's sentence.
On March 22, 2000, defendant was indicted for one count of theft, in violation of R.C. 2913.02. The state alleged that defendant obtained a wacker roller, valued at between $5,000 and $100,000, from ABC Rental with purpose to deprive the owner of the roller and without the consent of the owner. The matter proceeded to trial before the court on August 2, 2000.
The state presented testimony from Alan Zatik and Strongsville Police Det. Wayne Feuerstein. Zatik, the owner of ABC Rental, in Strongsville, testified that on June 4, 1999, defendant agreed to lease a wacker roller, a type of riding dirt compactor, from ABC Rental for a period of twenty-eight days. Defendant paid $1,374.09 for the rental and signed an agreement with ABC Rental that indicated that the roller was due on July 2, 1999 at 7:56 a.m. and that the lease would continue and that rental charges would continue to accrue in the event that the equipment was not returned as provided in the agreement.
Zatik further testified that the roller was not returned by the contract date and by the end of July 1999, he began calling defendant in order to obtain its return. Zatik stated that he spoke to defendant on approximately four separate occasions and requested return of the roller. Defendant did not return the roller and by November 1999, Zatik sent him statutory notice, pursuant to R.C. 2913.72, demanding return of the property. The notice was sent to defendant's home and to the address listed on the check with which defendant rented the roller. Zatik eventually contacted the Strongsville Police Department in January or February 2000 and the roller was returned on February 29, 2000.
Finally, Zatik testified that the roller is valued at just under $13,000. He also stated that he lost approximately $9,000 in rentals for the equipment.
Det. Feuerstein testified that he spoke to defendant on February 28, 2000 and warned him that charges were going to be issued in the matter.
The trial court subsequently convicted defendant of theft, as charged in the indictment. He was sentenced to three years of community control sanction and ordered to pay ABC Rental restitution in the amount of $10,900.92. Defendant now appeals and assigns four errors for our review.
Defendant's first, second and third assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF THEFT IN SPITE OF THE STATE'S FAILURE TO SHOW THAT APPELLANT OBTAINED THE PROPERTY WITHOUT THE CONSENT OF THE OWNER.
 THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF THEFT IN SPITE OF THE STATE'S FAILURE TO SHOW THAT AT THE TIME HE OBTAINED THE ROLLER, APPELLANT NEVER INTENDED TO RETURN IT.
 THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF THEFT IN LIGHT OF THE CONTRACTUAL RELATIONSHIP BETWEEN THE PARTIES.
Within these assignments of error, defendant asserts, essentially, that his conviction is not supported by sufficient evidence because the essential elements of the offense of theft were not proven by the state.
The question of whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Court described the role of the appellate court in reviewing a challenge to the sufficiency of the evidence supporting a conviction:
 An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484.
R.C. 2913.02 sets forth the essential elements of the offense of theft:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat."
"Deprive," as used in R.C. 2913.02(A) is defined in R.C. 2913.01(C)(1) as follows:
 (3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return therefor, and without reasonable justification or excuse for not giving proper consideration." We further note that R.C. 2913.72 pertains to evidence of
intent to commit theft of rental property and states:
 (A) Each of the following shall be considered evidence of an intent to commit theft of rented property:
 (1) At the time of entering into the rental contract, the rentee presented the renter with identification that was materially false, fictitious, or not current with respect to name, address, place of employment, or other relevant information.
 (2) After receiving a notice demanding the return of rented property as provided in division (B) of this section, the rentee neither returned the rented property nor made arrangements acceptable with the renter to return the rented property.
 (B) To establish that a rentee has an intent to commit theft of rented property under division (A)(2) of this section, a renter may issue a notice to a rentee demanding the return of rented property. The renter shall mail the notice by certified mail, return receipt requested, to the rentee at the address the rentee gave when the rental contract was executed, or to the rentee at the last address the rentee or the rentee's agent furnished in writing to the renter.
In this instance, the record indicates that defendant obtained or exerted control over the roller beyond the scope of the consent of the owner as specified in the contract. The state's evidence also demonstrated that defendant acted with purpose not to give proper consideration to ABC Rental in light of the evidence that the roller was heavily used and that he was sent notice demanding the return of rented property as provided in R.C. 2913.72(B) but did not return the item until the police informed him that he would be prosecuted. The evidence also demonstrated that the roller and (the lost rentals) were valued over $5,000 but less than $100,000. Accord State v. Shaw (Sep. 23, 1999), Franklin App. No. 98AP-1338, unreported.
Further, defendant's reliance upon State v. Bakies (1991),71 Ohio App.3d 810, is unavailing because that case involved a charge of theft by deception, not theft beyond the scope of consent. Defendant's reliance upon State v. Glenn (1990), Ohio Misc.2d 1, is likewise unavailing because the charges in that instance were brought during the time period of the original lease during which the defendant was permitted to retain the property and the agreement provided that the property was not to be moved without the consent of the lessor. In this instance, the state did not charge theft by deception at the time the roller was obtained, but rather, charged that the theft occurred as the result of defendant keeping the roller for many months after the specified rental period expired. Finally, the rental agreement in no way precludes criminal prosecution of this matter where a theft has been established.
Defendant's conviction is supported by sufficient evidence and these assignments of error lack merit.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY FOR RENTAL LOST DURING THE PERIOD HE HAD POSSESSION OF THE ROLLER.
In his fourth assignment of error, defendant contends that the trial court exceeded its authority by ordering him to pay restitution. This claim is well-taken.
In State v. Ward (1999), 135 Ohio App.3d 76, 80-81, the court construed the former[1] provisions governing restitution and stated:
 A sentencing court's authority to order restitution is governed by R.C. 2929.18 which states in part as follows: "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." (Emphasis added.) R.C. 2929.18(A)(1). The Ohio Revised Code defines "economic loss" as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss, medical cost, or funeral expense incurred as a result of the criminally injurious conduct." (Emphasis added.) R.C. 2929.01(N). We must then turn to R.C. 2929.01(G) which provides as follows:
 "`Criminally injurious conduct' means any conduct of the type that is described in division (C)(1) or (2) of section 2743.51 of the Revised Code and that occurs on or after July 1, 1996 * * *." Finally, R.C. 2743.51 defines "criminally injurious conduct" as "any conduct that * * * poses a substantial threat of personal injury or death * * *." (Emphasis added.) R.C. 2743.51(C) (1).
 When read together, these statutes provide that restitution is a valid sanction only to compensate for crimes that pose the threat of personal injury or death.
 Appellant's theft of benefits from MCDHS posed no threat of personal injury or death. Therefore, the restitution order imposed by the sentencing court was not authorized under existing law.
Accord State v. Hooks (2000), 135 Ohio App.3d 746, 750.
Here, the offense at issue occurred in February 2000 and is therefore governed by the pronouncements of Ward, supra, and Hooks, supra. The assignment of error is therefore well-taken.
Defendant's conviction is hereby affrimed and the restitution order is hereby vacated.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] Effective March 23, 2000, the definition of economic loss was changed in R.C. 2929.01(M) to eliminate the reference to criminally injurious conduct.