OPINION
Defendant, Lamont Arrone, appeals from his conviction and sentence for failure to comply with an order of a police officer.
On September 16, 2000, several masked persons robbed the Piqua Elks club at gunpoint. They then fled out of town on North County Road 25A, with police in hot pursuit. Police apprehended the suspects in Sidney, Ohio, after a lengthy high speed chase. Defendant was the driver of the getaway vehicle.
A jury subsequently found Defendant not guilty of aggravated robbery but guilty of failure to comply with an order or signal from a police officer. R.C. 2921.331(B). The trial court sentenced Defendant to a term of three years incarceration. Defendant has timely appealed to this court, challenging his sentence.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING UPON DEFENDANT-APPELLANT A SENTENCE GREATER THAN THE STATUTORY MINIMUM SENTENCE WHERE APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE COURT HAS FAILED TO MAKE THE EXPRESS FINDINGS REQUIRED BY OHIO REVISED CODE SECTION 2929.14(B).
R.C. 2929.14(B) requires the trial court to impose the statutory minimum sentence on felony offenders who have not previously served a prison term, unless the court "finds on the record" that the shortestprison term will demean the seriousness of the offender's conduct or willnot adequately protect the public from future crime by the offender.State v. Edmonson (1999), 86 Ohio St.3d 324. R.C. 2929.14(B) does notrequire the trial court to give reasons for those findings when it makesthem. Id. However, the phrase "finds on the record," as used in R.C.2929.14(B), means that the trial court must indicate that it first considered imposing the minimum sentence and then decided to depart from the minimum for at least one of the two permitted reasons. Id.
Defendant was convicted of a felony of the third degree. The permissible sentence for that level of offense is one, two, three, four or five years imprisonment. R.C. 2921.331(C)(5)(a); 2929.14(A)(3). The trial court sentenced Defendant to three years, which is more than the minimum sentence. Defendant argues that because he had not previously served a prison term, and because the trial court failed to specify on the record that one or both reasons in R.C. 2929.14(B) justified a sentence longer than the minimum, the trial court was obligated to impose the statutory minimum sentence, one year imprisonment.
In commenting upon its review and weighing of the various sentencing factors in this case, including those relating to recidivism and seriousness of the offense, the trial court stated:
 In looking at these factors kind of overplay with one another but, uh, there was an accident involved in this case. Fortunately no one was injured. That would be the most serious form of failure to comply with an order of an officer but nevertheless I found that the duration of this chase was rather lengthy compared to some that I've seen and certainly the speed and the avoidance of the road nails, or whatever they call them, was particularly dangerous in my opinion. I thought that created a real hazard. The car could have been, control of the car could have been lost at that time and there were troopers out there on the roadway that could have been hit whether or not you intended to hit them so I thought it was a very serious situation and a rather dangerous situation. In addition to that in looking the recidivism factors I see that you are currently incarcerated or you have been sentenced to the penitentiary on another charge and that you do have a bit of a prior record here as well and that the record would reflect and I haven't heard anything yet, a lack of concern for the safety of the other motorists on the road and the law enforcement officers. Okay. That's a recidivism factor as well. Looking at all those I'll determine that the recidivism and seriousness factors outweigh the lack thereof and therefore you're not amenable to a community control sentence. I'll determine that the appropriate sentence in looking at all those factors, the duration of the pursuit and the number of traffic signals violated etcetera that are all listed there in that code section and would determine that the appropriate sentence in your case should be the three years.
(T. 14-15).
The State argues that it is clear from the above statements that the trial court believed that the minimum sentence was not appropriate in this case, and that the trial court "substantially complied" with R.C.2929.14(B).
Substantial compliance will not be found unless the trial court has provided sufficient findings on the record to indicate compliance with the requirements of R.C. 2929.14(B). State v. Quinn (1999),134 Ohio App.3d 459; State v. Ward (1999), 135 Ohio App.3d 76.
While the trial court's remarks might readily support one or both of the findings in R.C. 2929.14(B), the trial court did not specify either of those reasons as supporting its deviation from the minimum sentence of one year. Therefore, this record does not affirmatively demonstrate that the trial court departed from the statutory minimum sentence based upon one or both of the permitted reasons in R.C. 2929.14(B). Edmonson,supra.
The assignment of error is sustained. The trial court's sentence will be vacated and the matter remanded to the trial court for resentencing.
BROGAN, J., and YOUNG, J., concur.