JOURNAL ENTRY AND OPINION
This is an appeal by Jayson Battiste from concurrent nine-month prison sentences imposed by Judge David T. Matia following pleas of guilty to one count each of possession of drugs and forgery, felonies of the fifth degree. He claims error in imposing any term of imprisonment. We affirm in part, vacate in part and remand.
From the record we find that Battiste was the subject of three indictments: two for possession of drugs, and a third for one count each of forgery, uttering, and receiving stolen property, all felonies of the fifth degree.[1] He reached a plea agreement with the State in which he pleaded guilty to possession of drugs, attempted drug possession, a misdemeanor, and forgery. Although he had never before been convicted of a felony or sentenced to a prison term, the judge imposed concurrent prison terms of nine months on each felony conviction and six months in county jail on the misdemeanor conviction and up to three years of post-release control. He now appeals his felony sentences, but not his misdemeanor sentence, in one assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO A PRISON TERM FOR TWO FIFTH-DEGREE FELONIES WHEN NONE OF THE FACTORS ENUMERATED IN R.C. 2929.13(B)(1) APPLIED TO THE DEFENDANT.
According to R.C. 2929.11(A),
 A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. * * * [T]o protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
In evaluating whether a prison term is appropriate in a given case, a judge has discretion in deciding how to best achieve the goals of felony sentencing,[2] and is required to consider certain factors as indicative of the seriousness of the offense and the defendant's likelihood of recidivism, set forth in R.C. 2929.12.
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 (1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
Where a defendant is being sentenced for a fourth or fifth degree felony, R.C. 2929.13(B) mandates that a judge sentence the offender in accordance with the following considerations, noted here only as they pertain to the case sub judice:
 "* * * [I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
 (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.[3]
* * *
 If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.[4]
 Except as provided * * *, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.[5]
In sentencing a defendant to a prison term for a fifth degree felony conviction, a judge must not only state his findings as to the appropriateness of a prison term according to the purposes of felony sentencing as set forth in R.C. 2929.11 and the existence of R.C.2929.13(B) factors contributing to the decision to incarcerate the defendant, but must also state the reasons for those findings in the record.[6]
In general, once a judge has determined that the purposes of the felony sentencing guidelines outlined in R.C. 2929.11 are best served by imposing a prison term upon an offender, the law affords an individual convicted of a felony who has not served a prison term the presumption that the shortest prison term available is appropriate unless "* * * the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[7] In elaborating on the requirements on sentencing judges in imposing more than the minimum prison sentence upon an offender who has not been previously imprisoned, the Ohio Supreme Court has commented:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. * * *. [T]he court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons.[8]
R.C. 2953.08(A)(2) authorizes Battiste's appeal because he was sentenced to a prison term for a fifth degree felony, and he now questions whether the judge found on the record that any factor in R.C.2929.13(B) which would justify the imposition of a prison term in lieu of community control sanctions for either his felony-possession of drugs or forgery convictions. According to statute, as is relevant here, appeal may be had if:
 The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.[9]
R.C. 2953.08(G) defines the standard of review and authority of an appellate court reviewing the propriety of a given sentence:
 If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.[10]
* * *
 The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant * * *.[11]
Our task then, is to review the record to ascertain if the judge, in considering the overall purposes of felony sentencing, and evaluating the seriousness of the offenses for which Battiste was sentenced to prison and his risk of recidivism, adequately articulated findings, with supporting reasons based on the facts, to support his determination that prison was appropriate for a term above the minimum,[12] considering that Battiste had never before been to prison.
In sentencing Battiste for his felony convictions, the judge made the following statements on the record:
 I will note that both of these cases, the 406425[13]
and 382308,[14] are felonies of the fifth degree, which carry with them a presumption of probation or community control. However, you were capiased for the trial and while you were out [on] capias you picked up the forgery case. You were committing crimes while you were on capias. Therefore, in order to protect the public I feel that a prison term is necessary and you are not amenable to probation in this case.
* * *
 Regarding the eight factors under Revised Code Section 2929.13. While you were not under a community control [sic] while these crimes were committed, you were capiased on your trial date. Therefore, under the Revised Code 2929.13, I do not find any of the eight factors present.[15] However, prison is consistent with the principles and purposes of Senate Bill Two. Basically, in order to protect the public from further crime, which you have demonstrated that you can commit, I feel the need to incarcerate you.
The judge supported his imposition of the prison sentences in this case with a finding, under R.C. 2929.11(A), that his decision comports with the purpose of felony sentencing of protecting the public from future crime by Battiste, and supported the finding that prison was necessary under the forgery count under R.C. 2929.13(B)(1)(h) by noting that it was committed while Battiste had an outstanding capias for his prior drug offenses. The judge failed, however, to state the statutory factor under R.C. 2929.13(B)(1) to justify the imposition of a prison term for Battiste's conviction for possession of drugs in Case #382308, the first felony of which he was accused. Accordingly, that sentence must be vacated.
Regarding the presumption under R.C. 2929.14(B) that an offender should be given the minimum available prison sentence, if the offender is not found to be amenable to community control sanctions, the judge stated,
 I also note for the record you have not served a prior prison term. But for the fact that you did pick up a new case while this new case was pending, you did go out and attempt to defraud someone by committing the crime of forgery, that it is necessary to impose more than the minimum sentence in order to protect the public from further crime.
It is evident that the judge complied with R.C. 2929.14(B) in justifying a nine-month sentence in Case #406425 by pointing out that the minimum would not adequately protect the public from Battiste's criminal behavior.
Finally, the judge literally complied with the provisions of R.C.2929.19(B)(3)(d) in notifying Battiste of the possibility of post-release control in stating: "I will remind you that upon release from prison you may be placed on post release control. If you violate the terms of your post release control the Parole Board may return you for another four-and-a-half months of prison."
Battiste downplays the nature of his offenses in all three cases: they were non-violent and involved small amounts of drugs or money, he had an insignificant juvenile criminal record and these were his first criminal convictions as an adult. He challenges the sufficiency of the judge's findings by arguing that because the judge did not explicitly discuss the "seriousness" factors found in R.C. 2929.12(B) and (C), which would have favored the imposition of community control sanctions rather than a prison term for either of his felony offenses, they were implicitly ignored. He relies upon State v. Ward[16] to buttress his position:
 The trial court failed to demonstrate on the record its consideration of the seriousness and recidivism factors listed in R.C. 2929.12. As such, the trial court failed to fulfill its obligation under R.C. 2929.13(B) (2) (b) to consider whether community control sanctions would have been consistent with the purposes and principles of R.C. 2929.11. If a sentencing court imposes a prison term for a fourth or fifth degree felony, it must "make a finding that gives its reasons" for selecting the sentence. R.C. 2929.19(B) (2) (a). The trial court failed to state its reasons for imposing the prison term. Therefore, we find that appellant's first issue for review is meritorious.
We completely agree with this statement and also agree that, in order to make the determination as to whether a prison sentence is appropriate for a fourth or fifth-degree felony, a judge must examine the seriousness and recidivism factors found in R.C. 2929.12(B)-(E).[17] State v. Ward,
however, was a case in which the judge discussed none of the sentencing factors under R.C. 2929.12. We are not persuaded by, and can find no authority for the proposition that a judge must always make an explicit finding under each seriousness and recidivism factor contained in R.C.2929.12 in justifying the sentence imposed. Rather, he must make a finding justifying the sentence imposed, according to the factors open for consideration under R.C. 2929.12, consistent with the sentencing principles of R.C. 2929.11. We further reiterate that we may only alter the judge's determinations if we can find clear and convincing evidence either: that he did not comply with statutory mandates or the record does not support his decision in meting out sentence.[18] Since the judge satisfied the statutory criteria in imposing a nine-month prison term with post-release control for Battiste's forgery conviction, we affirm that sentence. We remand for resentencing on Battiste's felony conviction for possession of drugs.
Judgment affirmed in part, vacated in part and remanded.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCUR; JAMES D. SWEENEY, P.J., CONCURS INJUDGMENT ONLY WITH SEPARATE OPINION.
[1] These charges stemmed from his unsuccessful attempt to negotiate a stolen, forged check for $450.
[2] R.C. 2929.12(A).
[3] R.C. 2929.13(B)(1).
[4] R.C. 2929.13(B)(2)(a).
[5] R.C. 2929.13(B)(2)(b).
[6] R.C. 2929.19(B)(2)(a).
[7] R.C. 2929.14(B).
[8] State v. Edmonson (1999), 86 Ohio St.3d 324, 326 715 N.E.2d 131,133-134.
[9] R.C. 2953.08(A)(2).
[10] R.C. 2953.08(G)(1).
[11] R.C. 2953.08(G)(2).
[12] A felony of the fifth degree is punishable by a prison term of six to twelve months, in monthly increments, per R.C. 2929.14(A)(5), and Battiste was sentenced, as noted above, to nine-month concurrent terms of imprisonment for his two felony convictions.
[13] Forgery, uttering and receiving stolen property.
[14] First indictment for possession of drugs.
[15] While Battiste makes much of the judge's comment: "Therefore, under the Revised Code 2929.13, I do not find any of the eight factors present," considering the overall sentencing hearing and the fact that the judge repeatedly refers to the commission of forgery while Battiste had an outstanding capias, it is obvious to us that this isolated comment is an unintended, inadvertent misstatement, or may be the result of an omission by the court reporter. Since there are nine factors to consider under R.C. 2929.13, the judge may have been referring to the "other" eight factors under the sections excluding R.C. 2929.13(B)(1)(h), under which an explicit finding was made.
[16] (1999), 135 Ohio App.3d 76, 79, 732 N.E.2d 1055, 1057.
[17] State v. Garcia (1998), 126 Ohio App.3d 485, 486,710 N.E.2d 783.
[18] R.C. 2953.08(G)(2).