JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Theresa Henderson, appeals from the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, in Case Nos. CR-399752 and CR-399753, in which the lower court imposed the maximum sentence in each case, to be served consecutive to one another.
{¶ 2} Henderson was originally indicted in two separate cases on a total of seventeen counts. On August 14, 2001, she pleaded guilty to ten of the seventeen counts arising from the two cases. In Case No. CR-399752, she pleaded guilty to a single count of attempted theft (F-5), a single count of theft (F-5), and six counts of forgery (F-5). In Case No. CR-399753, she pleaded guilty to two counts of theft (F-5).
{¶ 3} The instant matter stems from a string of credit card thefts involving Henderson and several other individuals. The record reflects that Henderson and her cohorts broke into numerous vehicles and stole credit cards. Henderson would then use the stolen credit cards at area retailers to purchase various merchandise. She would then take the illegally obtained merchandise to a "fence"[1] where she would receive cash in exchange for the merchandise.
{¶ 4} On September 10, 2001, the lower court conducted a sentencing hearing in both cases. In Case No. CR-399752, she was sentenced to 12 months on each count to which she pleaded guilty, to be served concurrently. In Case No. CR-399753, she was sentenced to 12 months on each count to which she pleaded guilty, to be served concurrently. Further, the lower court ordered that the sentences for each of the two cases be served consecutively to one another, for a total of 24 months of incarceration. The lower court declined to impose restitution as part of the sentence.
{¶ 5} It is from this sentence that Henderson appeals. For the following reasons, the appellant's appeal is not well taken.
{¶ 6} The appellant presents four assignments of error for this court's review. Having a common basis in both law and fact, the appellant's first, second, and fourth assignments of error will be addressed contemporaneously. They state:
 {¶ 7} I. THE TRIAL COURT ERRED IN REJECTING THE PRESUMPTIVE MINIMUM SENTENCE FOR THE DEFENDANT, WHO HAS SERVED NO PRIOR PRISON TERM, WHEN THE FINDING THAT THE MINIMUM TERM WOULD DEMEAN THE SERIOUSNESS OF THE DEFENDANT'S CONDUCT WAS NOT SUPPORTED BY THE RECORD.
 {¶ 8} II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM TERM WHEN THE FACTS DID NOT SUPPORT THE FINDING THAT THE DEFENDANT HAD THE GREATEST LIKELIHOOD OF RE-OFFENDING.
 {¶ 9} IV. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM FOR THESE FIFTH-DEGREE FELONIES WHEN THE FINDING THAT THE DEFENDANT'S CONDUCT CONSTITUTED ORGANIZED CRIMINAL ACTIVITY WAS MADE IN ERROR.
{¶ 10} Essentially, the appellant argues that as a first-time adult offender, there is a presumption in favor of a minimum sentence unless the lower court specifies that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender.
{¶ 11} R.C. 2929.14(B) states:
 {¶ 12} If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
{¶ 13} The trial court, in sentencing an offender to his first imprisonment, must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum. State v.Edmonson, 86 Ohio St.3d 324, 327, 1999-OHIO-110. R.C. 2929.14(C) permits the trial court to impose maximum sentences when the trial court determines, as relevant here, that the defendant committed the worst forms of the offense or poses the greatest likelihood of committing future crimes. State v. Harrison (Mar. 9, 2000), Cuyahoga App. No. 75828.
{¶ 14} In light of the above standard, it is clear that the lower court fulfilled the statutory requirements in sentencing the appellant to the maximum sentence. First, the lower court stated on the record that the appellant was entitled to a presumption of a minimum sentence, but the lower court believed that a six-month minimum sentence would demean the seriousness of the appellant's conduct, especially "because there's so many offenses you were convicted of." Tr. 42. Additionally, in recognizing the numerous recidivism factors, the lower court stated that the appellant had a prior and extensive history of delinquencies as a juvenile, which included a theft offense, and that the appellant had not been rehabilitated to a safe degree. Moreover, the lower court stated that the victims of the instant crimes suffered severe economic harm due to the "organized criminal activity" of the appellant. The seriousness of the appellant's actions caused numerous victims to suffer economic and arguably emotional harm due to the violent nature of the appellant's crimes. The appellant and her cohorts broke into several vehicles, stole credit cards from the victims, and then used the credit cards to carry out a "fencing" scheme. Notably, in closing, the lower court stated:
 {¶ 15} [T]he court is justified when you consider all those factors, including that you do pose the greatest likelihood of committing more crimes and it is consistent with the need to punish you and to protect the public that you be given the maximum sentences. Tr. 42-43.
{¶ 16} Clearly, the lower court was justified in imposing the maximum sentence on the appellant as the record is clear that the lower court recognized a presumption of the minimum sentence but, nevertheless, believed that a minimum sentence would demean the serious nature of the appellant's crimes. Additionally, the appellant's extensive record, likelihood of recidivism, and necessity to protect the public justified the maximum sentence.
{¶ 17} Closely related to the appellant's first and second assignments of error, the appellant's fourth assignment of error argues that the lower court erred in finding the crimes committed by the appellant constituted an "organized criminal activity." Before an offender convicted of a fourth or fifth degree felony may be sentenced to a prison term, R.C. 2929.13(B)(1) requires that certain factors be considered. At sentencing, the lower court stated, "[t]here's a sentencing factor justifying a prison sentence." Tr. 42. Although the lower court never specifically stated the exact factor, it is readily apparent from the record that the lower court believed the organized nature of the crimes constituted one of the factors under R.C. 2929.13(B)(1).
{¶ 18} If no factors under R.C. 2929.13(B)(1) are present, then under R.C. 2929.13(B)(2)(b), the sentencing court is required to impose community control sanctions if the court concludes that community control sanctions are consistent with the overriding purpose of R.C. 2929.11.State v. Ward (1999), 135 Ohio App.3d 76, 78. If the court, after considering the factors in R.C. 2929.13, finds that community control sanctions are not consistent with the purposes and principles of sentencing, the court is not disallowed by R.C. 2929.13(B)(1) to impose a prison sentence. This court has previously held that the court need only consider the factors under R.C. 2929.12 and need not make specific findings as to those factors. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121.
{¶ 19} "Organized criminal activity," one of the factors, is not defined in the statute and must be determined on a case-by-case basis.State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997 Ed.), Text 4.15.
{¶ 20} A careful review of the record indicates that the crimes committed by the appellant and her cohorts were part of an organized criminal activity. The appellant systematically broke into vehicles with the intent of stealing credit cards from the victims. The appellant and her cohorts then used the stolen credit cards at numerous merchants to purchase merchandise which could be turned over to a "fencing" operation in exchange for cash. The actions of the appellant were not random in nature, but a part of a greater organized scheme.
{¶ 21} The appellant relies on Shryock in arguing that two or more people in a coordinated criminal activity do not ipso facto make the conduct an organized criminal activity. The appellant's reliance onShryock is misplaced in that the crimes committed by the defendants inShryock involved vandalism, arguably performed in a random nature. The facts of the instant matter clearly point to a well conceived organized plan to defraud the victims and merchants involved. The appellant's actions caused both the victims and merchants a great deal of monetary and emotional distress.
{¶ 22} Therefore, the lower court did not err in sentencing the appellant to the maximum sentence as the lower court clearly conformed to the statutory requirements. As such, the appellant's first, second and fourth assignments of error are not well taken.
{¶ 23} The appellant's third assignment of error states:
 {¶ 24} III. THE COURT ERRED BY ORDERING THE DEFENDANT TO SERVE CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED FINDINGS OR STATING ON THE RECORD ITS REASONS FOR MAKING THE REQUIRED FINDINGS.
{¶ 25} R.C. 2929.19(B)(2)(c) requires a court to make a finding and give its reasons when imposing consecutive sentences. Moreover, R.C.2929.14(E)(4) provides the circumstances where consecutive sentences are proper:
 {¶ 26} (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 27} * * *
 {¶ 28} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 29} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 30} R.C. 2929.11 sets, forth the purposes of felony sentencing and enunciates the proportionality principle for sentencing:
 {¶ 31} (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 32} (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
{¶ 33} In the case at hand, the lower court clearly conformed to the requirements enumerated in R.C. 2929.11(B). The lower court specifically referred to the seriousness of the offense; the extent of the financial injuries to which the victims and merchants endured; the extensive criminal background of the appellant; that the imposition of a minimum sentence would demean the seriousness of the offenses and would not adequately protect the public from future crimes by this offender; that the crimes committed by the appellant were a part of an organized criminal activity; and that the appellant's conduct clearly reflects her commitment to criminal activity. In addition, the lower court stated that the imposition of consecutive sentences is necessary to protect the public and punish the offender. Moreover, the lower court specifically stated that the imposition of consecutive sentences was not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.
{¶ 34} In light of the above, it is clear that the lower court followed the requirements of R.C. 2929.11, and the sentence conformed to the purposes and policies of the sentencing provisions. As such, the appellant's third assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS. PATRICIA A. BLACKMON, P.J., CONCURS IN JUDGMENTONLY.
[1] Fence: a) a receiver of stolen goods; (b) a place where stolen goods are bought. Webster's New Collegiate Dictionary (1976), pg. 1398.