OPINION
Defendant-appellant, Ernest F. Bonanno, appeals the decision of the Allen County Court of Common Pleas denying his post-judgment motion to vacate a sentence of restitution. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. From approximately 1993-1997, the appellant owned a manufactured home dealership in Allen County, Ohio, known as Riviera Homes ("Riviera"). During that time, the appellant acted as an agent of Commodore Homes ("Commodore"), a producer of manufactured homes based out of Indiana. The appellant displayed several of Commodore's homes on the Riviera lot. If a customer wished to purchase one of the homes from Riviera, the appellant would draft a contract with the purchasers and contact Commodore to place an order. After verification of the customer's interior and exterior specifications and assurance that the purchasers would obtain financing, Commodore would begin production of the home.
A criminal investigation into Riviera's business practices began in 1997 in response to complaints from various customers. The customers alleged that they had provided the appellant with substantial amounts of money or property as a down payment for a manufactured home, and that the appellant had not delivered the homes or returned the down payments. As a result of this investigation, the appellant was indicted on April 26, 1997 on one count of theft by deception in violation of R.C. 2913.02(A)(3), with the stolen property being valued at $500 or more. Appellant was also indicted on one count of aggravated theft by deception in violation of R.C. 2913.02(A)(3), with the stolen property being valued at $100,000 or more. A second indictment was handed down on June 11, 1998 wherein the appellant was charged with one count of failure to remit sales tax in violation of R.C. 5739.12 and R.C. 5739.99.
The appellant pled not guilty to the charges and subsequently waived his right to a jury trial. The cases were consolidated and a trial to the court proceeded in July, 1998. On July 14th, the trial court found the appellant guilty on all charges contained in the indictments. Sentencing was delayed to allow time for a presentence investigation.
At the August 26, 1998 sentencing hearing, the court sentenced the appellant to eleven months for the charge of theft by deception and four years for the charge of aggravated theft by deception. The trial court also sentenced the appellant to thirteen months for the failure to remit sales tax and eleven months for filing a false tax report. These sentences were ordered to run concurrent to each other, but consecutive to the thefts, for a total of six years in the Ohio Department of Rehabilitation and Correction. In addition to the prison term, the appellant was ordered to pay approximately $140,000 in restitution to the various victims.
Thereafter, the appellant filed an appeal. In State v. Bonnano, this Court affirmed the appellant's convictions but remanded the case forresentencing.[1] The appellant's sentencing hearing was held on July 22, 1999, during which the trial court sentenced the appellant to the identical terms of the original sentence, including an order that the appellant pay restitution to the various victims. This court upheld the second sentencing.[2] The issue of restitution was not raised during either appeal.
On February 22, 2002, the appellant filed a motion to vacate the order of restitution. The trial court denied the motion thus prompting the present appeal.
 ASSIGNMENT OF ERROR "The trial court erred, as a matter of law and to the substantial prejudice of the appellant, by sentencing appellant to pay restitution after his conviction for the non-violent criminal offenses of aggravated theft by deception and theft by deception."
In his sole assignment of error, appellant asserts that the trial court lacked the authority to order the appellant to pay restitution for non-violent criminal offenses.
The sentencing court's authority was governed by the version of the Ohio Revised Code which was in effect at the time the crimes were committed. R.C. 2929.18 stated, in part, as follows: "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."[3] (Emphasis added.) The Revised Code defined "economic loss" as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss * * * incurred as a result of the criminallyinjurious conduct."[4] (Emphasis added.) We now turn to R.C. 2929.01(G) which provided as follows: "`Criminally injurious conduct' means any conduct of the type that is described in division (C)(1) or (2) of section 2743.51 of the Revised Code and that occurs on or after July 1, 1996 * * *." Lastly, R.C. 2743.51 defined "criminally injurious conduct" as "any conduct that * * * poses a substantial threat of personal injuryor death * * *."[5] (Emphasis added.)
In interpreting the relevant statutory language of the Revised Code at the time of the offenses, the appellant encourages this Court to follow the Tenth and Twelfth Districts in concluding that restitution was a statutorily valid sanction only to compensate victims for crimes that posed "the substantial threat of personal injury or death."[6] The appellant's theft of property from his business customers posed no threat of injury or death. Therefore, the appellant asserts that the restitution order imposed by the sentencing court was not authorized under law existing at the time.
In contrast, the state submits that the courts in Ward and Kimmle
misinterpreted the statute and therefore reached an erroneous result. We agree. Turning again to the language of R.C. 2929.18, we read that sentencing courts "are not limited to" imposing financial sanctions only in the situations listed in the statute. Considering the legislative intent behind the statute, we note that the legislature clearly intended to include and even expand restitution as a punishment for non-violent felonies because it later modified the definition of "economic loss" to include any economic detriment suffered as a result of the commission of a felony.[7] The appellant cautions us that "[c]ourts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situations, the courts must give effect to the words utilized."[8]
Our interpretation of the former R.C. 2929.18 follows the plain language of the statute. Accordingly, the state's argument prevails.
Considering that this court may find merit in the appellant's argument, the state also maintains that the appellant's claim is barred by res judicata. The doctrine of res judicata prohibits a convicted defendant from raising and litigating issues in another proceeding when those issues could have been raised by the defendant on direct appeal from the trial court's judgment.[9] The record reflects that the appellant did not object to the order of restitution at any time during sentencing or raise the issue in his earlier appeals. Therefore, the doctrine of res judicata acts as a bar to the appellant's appeal.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60.
[2] (Dec. 17, 1999), Allen App. No. 1-99-66.
[3] R.C. 2929.18(A)(1).
[4] Former R.C. 2929.01(N). The 2000 amendment to R.C. 2929.01
modified the definition of "economic loss" to include any felony.
[5] R.C. 2743.51(C)(1).
[6] State v. Ward (1999), 135 Ohio App.3d 76; State v. Kimmle (Dec. 21, 1999), 10th Dist. No. 99AP-435; State v. Hooks (2000),135 Ohio App.3d 746.
[7] Senate Bill 107, effective March 23, 2000.
[8] Morgan v. Ohio Adult Parole Authority (1994), 68 Ohio St.3d 344,346.
[9] State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.