OPINION
{¶ 1} Defendant-appellant, Dewood W. Duckery, appeals from the February 4, 2002 judgment entry of the Franklin County Court of Common Pleas finding him guilty of nonsupport of dependents, sentencing him to 11 months incarceration, ordering him to pay court costs in the amount of $219, and ordering restitution in the amount of $11,169.39. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On June 6, 2000, appellant was indicted by the Franklin County Grand Jury for nonsupport of dependents in violation of R.C.2929.21, a felony of the fifth degree. The single count of the indictment related to nonsupport for a two-year period from May 30, 1998 to May 30, 2000. On September 24, 2001, appellant entered a guilty plea to the charge. On February 4, 2002, the trial court entered judgment of conviction and, among other things, ordered appellant to pay restitution in the amount of $11,169.39 to the victim, Deborah Wilson. It is from this judgment that appellant appeals, assigning the following as error:
 {¶ 3} "The trial court erred when it ordered restitution in the absence of any proof that the defendant's conduct posed a substantial threat of personal injury or death to another."
 {¶ 4} Appellant argues that because his conduct fell within a period of time when the court was not allowed to impose restitution in the absence of criminally injurious conduct, the trial court erred in ordering restitution.
 {¶ 5} Prior to statutory amendments to the overhaul of Ohio's sentencing scheme that became effective March 23, 2000, restitution was a statutorily valid sanction only to compensate victims for economic loss that occurred as a result of criminally injurious conduct. Criminally injurious conduct was defined as conduct that posed a threat of personal injury or death. State v. Ward (1999), 135 Ohio App.3d 76, 80-81. Under the former statutory provisions, proof that the offender engaged in criminally injurious conduct was required in order for the court to impose an order of restitution. See, e.g., State v. Yarbrough (Oct. 17, 2000), Franklin App. No. 00AP-242; State v. Kimmle (Dec. 21, 1999), Franklin App. No. 99AP-435. However, effective March 23, 2000, the former R.C. 2929.01(N) was amended to substitute "commission of a felony" for "criminally injurious conduct" in the definition of "economic loss" for which restitution could be ordered. See R.C. 2929.01(M).
 {¶ 6} Even though the March 2000 amendment to R.C. 2929.01
modified the definition of "economic loss" to include any economic detriment suffered by a victim as a result of the commission of a felony, appellant urges that the crime for which he was convicted occurred prior to such amendment, therefore, he should not retroactively be held liable under the new standard. Thus, the only question is whether appellant's conduct fell under the former statute or the current one.
 {¶ 7} In this case, appellant could not be charged for the offense of failure to provide support for a total accumulated period of 26 weeks out of a period of 104 consecutive weeks until a period of 104 consecutive weeks had run. See R.C. 2919.21(G)(1). The indictment alleged the two-year period did not end until May 30, 2000, after the statute was amended. Thus, appellant could not commit the offense for which he was charged until May 30, 2000, after the effective date of the amendments to the statute. Since appellant's offense did not arise until after the effective date of the amended statute, the trial court did not err in imposing restitution. Appellant's assignment of error is not well-taken and is overruled.
 {¶ 8} Based on the foregoing, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.