OPINION
{¶ 1} Defendant-appellant, Jeffery L. Brown, appeals the imposition of a ten-month prison term following his conviction for domestic violence, a fifth-degree felony in violation of R.C. 2919.25(A). As his sole assignment of error, appellant claims the trial court erred by imposing more than the minimum term of incarceration.
 {¶ 2} The state concedes that appellant has not previously served a prison term and cannot receive more than the statutory minimum sentence unless the court first finds under R.C. 2929.14(B) that the imposition of a minimum sentence either would demean the seriousness of the offense or would not adequately protect the public from future crime by the offender. See State v. Edmondson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 3} Although the record reveals that the trial court made the necessary findings for the imposition of a prison term as opposed to community control sanctions, there is nothing in the record to show that the trial court made the requisite findings under R.C. 2929.14(B) to impose more than the minimum six-month prison term for a felony of the fifth degree. State v. Ward (1999), 135 Ohio App.3d 76, 80.
 {¶ 4} Appellant's assignment of error is well-taken and sustained, and this cause is remanded to the trial court for resentencing.
Judgment reversed and remanded.
VALEN, P.J., and WALSH, J., concur.